DICONZA TRAURIG KADISH LLP  　　　　　　Hearing Date: August 29th, 2017
630 Third Avenue  　　　　　　　　　　　　Time: 10:30 A.M.
New York, New York 10017
Allen G. Kadish
Tel: (212) 682-4940
Fax: (212) 682-4942
Email: akadish@dtklawgroup.com

*Special Litigation Counsel for Robert L. Geltzer,
Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| A TO Z WIRELESS SOLUTIONS, INC., | Case No. 14-40537 (ESS) |
| Debtor. | |

-------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR
ENTRY OF AN ORDER APPROVING THE SALE OF
"REMNANT ASSETS" OF THE DEBTOR'S ESTATE FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES
<u>PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF</u>**

**TO:    THE HONORABLE ELIZABETH S. STONG,
　　　　UNITED STATES BANKRUPTCY JUDGE:**

ROBERT L. GELTZER, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of the above captioned debtor (the "Debtor"), by his undersigned counsel, submits this motion (the "Motion") seeking entry of an Order, pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 6004, and E.D.N.Y. Local Bankruptcy Rule 6004-1, approving the sale of "remnant assets" (as defined below) of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of all liens, claims, interests and encumbrances, and respectfully sets forth and represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this bankruptcy case is proper in this District pursuant to 28 U.S.C. § 1408.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6004-1.

## BACKGROUND AND PROPOSAL

4. On February 7, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

5. Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about February 7, 2014, the Trustee was appointed as the trustee for the Debtor's Estate, duly qualified, and is now acting as such Trustee.

6. Since his appointment, the Trustee has administered the Debtor's Estate for the benefit of the Debtor's creditors in accordance with his power and duties. He has already investigated, commenced and concluded litigation, and no further investigation or litigation needs to be commenced.

7. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's assets is realized, which efforts include pursuing the sale of any remaining assets, such as known

or unknown claims, property rights, judgments or assets which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").

8. Pursuant to a negotiated purchase agreement attached hereto as Exhibit A (the "Purchase Agreement"), the Trustee proposes to sell the Remnant Assets to Oak Point in exchange for a payment of $5,000 to the Debtor's Estate (the "Purchase Price").

9. In accordance with the Purchase Agreement, the Remnant Assets expressly exclude: (a) any and all funds held by the Trustee in the Estate's bank accounts; and (b) the Purchase Price.

10. In the Trustee's business judgment, the purchase price proposed for the Remnant Assets represents a fair and reasonable sale price for such assets and is the highest and best offer for the sale of the Remnant Assets. Moreover, the benefit of receiving immediate payment for assets which are largely speculative and unknown outweighs the potential benefits of retaining Remnant Assets.

11. The Trustee further submits that the private sale of the Remnant Assets, in accordance with the terms of the Purchase Agreement, serves the best interest of the Debtor's Estate and its creditors. Accordingly, the Trustee respectfully requests that the Court approve the Purchase Agreement.

**BASIS FOR THE RELIEF REQUESTED**

12. By this Motion, the Trustee seeks an order, pursuant to 11 U.S.C. §§ 105 and 363(b), (f) and (m), authorizing the Trustee to sell the Remnant Assets to Oak Point free and clear of all liens, claims, interests and encumbrances.

13. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1); see In re Ames Dept. Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). In addition, § 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. The proposed use, sale, or lease of property of the estate may be approved under §363(b) of the Bankruptcy Code if it is supported by sound business justification. See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Ionosphere Clubs, Inc., 184 B.R. 648 (S.D.N.Y. 1995); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Martin (Myers v. Martin), 91 F.3d, 395 (3d Cir. 1996). Moreover, pursuant to § 105, the Court has expansive equitable powers to fashion any order or decree which is in the interest of preserving or protecting the value of the Debtor's assets. See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986).

15. The Trustee's authority to sell the Remnant Assets is amplified in Bankruptcy Rule 6004(f)(1), which in relevant part states that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

16. In Lionel, one of the seminal and most widely followed cases dealing with asset sales, the Second Circuit determined that a sale of assets could be approved if the debtor or trustee could demonstrate an "articulated business justification" for the sale. Lionel, 722 F.2d at 1070. The Court further held that the factors to be considered in determining whether a sound business reason exists include the following:

> the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing…the effect of the proposed disposition…of the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not

>intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

Id. at 1071.

17. If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

18. In addition to requiring sound business reasons to approve a sale pursuant to Section 363(b) of the Bankruptcy Code, many courts have required a showing that the price to be obtained for assets be fair and reasonable; that the sale to the proposed purchaser was negotiated in good faith; and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. See In re Channel One Communications, 117 B.R. 493, 494-97 (Bankr. E.D. Mo. 1990); In re Indus. Valley Refrig. & Air Cond. Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

19. The Trustee submits that the sale of the Remnant Assets for the Purchase Price is a prudent exercise of his business judgment under the circumstances and is in the best interest of the Debtor's Estate and its creditors. The Purchase Price for the sale is reasonable and has been negotiated at arm's length. The Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and its creditors, except the $21,000.000 default judgment obtained in adversary proceeding No. 16-01043. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

## WAIVER OF STAY OF ORDER

20. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

## NOTICE

21. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, all scheduled creditors, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

## CONCLUSION

22. No request for the relief sought herein has been requested of this or any other court.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  New York, New York<br>July 13, 2017 | DICONZA TRAURIG KADISH LLP<br><br>By:   s/Allen G. Kadish<br>Allen G. Kadish<br>630 Third Avenue<br>New York, New York 10017<br>Telephone:  (212) 682-4940<br>Facsimile:  (212) 682-4942<br>Email:  akadish@dtklawgroup.com<br><br>*Special Litigation Counsel for Robert L. Geltzer, Chapter 7 Trustee* |